**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| VINCE BLAKELY,<br><br>              Plaintiff-Appellant,<br><br>v.<br><br>KILOLO KIJAKAZI, Acting<br>Commissioner of Social Security,<br><br>              Defendant-Appellee. | No.    22-35402<br><br>D.C. No. 4:20-cv-05168-EFS<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of Washington
Edward F. Shea, District Judge, Presiding

Submitted June 5, 2023[**]
Seattle, Washington

Before:  SCHROEDER, HAWKINS, and CALLAHAN, Circuit Judges.

Vince Blakely appeals the district court's order affirming the ALJ's denial of

benefits.  Blakely asserted disability based on hearing defects, obsessive

compulsive disorder, anxiety, depression, and mood swings.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Substantial evidence supports the ALJ's rejection of Licensed Medical Health Counselor Mr. Shepley's opinions as to Blakely's disabilities because they were not consistent with or supported by the evidence in the record. The ALJ properly relied on the testimony of Drs. Buitrago and Bruner, and Blakely has failed to show that any error was consequential to the ALJ's ultimate decision.

The ALJ reasonably interpreted the Division of Vocational Rehabilitation ("DVR") reports within the context of the record to conclude that Blakely's lack of success with DVR services was likely due to his own choices and that the DVR records tended to undermine some of Blakely's symptom reports and medical opinions. Substantial evidence also supports the ALJ's clear and convincing reasons for discounting Blakely's symptom reports, most notably that some of Blakely's testimony was inconsistent with his own prior statements and other evidence.

Blakely has failed to show reversible error in steps one or two. At step one, the ALJ made clear that for much of the period of time at issue Blakely was not involved in substantial gainful activity, and thus did not deny Blakely's claim. Blakely fails to show consequential error at step two. *See Burch v. Barnhart*, 400 F.3d 676, 682 (9th Cir. 2005).

Finally, substantial evidence supports the finding that given Blakely's vocational factors and the testimony from a vocational expert, Blakely would be able to work in other jobs existing in significant numbers.

**AFFIRMED.**